UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:12-CV-50-H

WILLIAM HIGGINS                                                                                         PLAINTIFF

v.

GENERAL ELECTRIC CO. and                                                                      DEFENDANTS
INTERNATIONAL UNION OF ELECTRICAL
WORKERS-COMMUNICATIONS WORKERS OF AMERICA,
LOCAL 83761

**MEMORANDUM OPINION AND ORDER**

Plaintiff, William Higgins ("Higgins"), brought this action against his former employer, General Electric ("GE"), and his union, International Union of Electrical Workers-Communications Workers of America, Local 83761 ("IUE-CWA 83761" or "Defendant"), under section 301 of the Labor Management Relations Act.  29 U.S.C. § 185 (2011).  Defendant has moved to dismiss the Complaint on the grounds that Plaintiff brought his suit outside the applicable statute of limitations period.

The Complaint states that GE suspended Higgins from his job on April 6, 2011 and terminated his employment on April 26, 2011.  Higgins then filed a grievance with IUE-CWA 83761 and received notice on August 3, 2011 that the union would not proceed further with his grievance.  Weeks later, Higgins filed a charge against IUE-CWA 83761 with the National Labor Relations Board ("NLRB").  The NLRB dismissed the charge in an October 17, 2011 letter and Higgins filed this action on January 6, 2012.

Section 301 claims are subject to a six-month statute of limitations.  *DelCostello v.*

*Teamsters*, 462 U.S. 151, 169-170 (1983).  The claim accrues, triggering the six-month limitations period, when the plaintiff employee "discover[s], or should have discovered with reasonable diligence, the acts constituting the alleged violations."  *Chrysler Workers Ass'n v. Chrysler Corp.*, 834 F.2d 573, 578 (6th Cir. 1987).  IUE-CWA 83761 argues Higgins' claim accrued on April 6, 2011 because he stated in the charges filed with the NLRB that the union had failed to fairly represent him since that date.  Higgins contends that his claim against IUE-CWA 83761 did not accrue until he learned the union would not pursue his grievance on August 3, 2011.

      The Complaint and the NLRB charges both suggest that Higgins believes IUE-CWA 83761's alleged unfair representation dates back to his April 6, 2011 suspension.  But Defendant's position that April 6, 2011 is the date the claim accrued wrongly conflates the concept of when the alleged illegal conduct began and when Plaintiff should have known about the conduct.  The allegation that IUE-CWA 83761's representation was unfair going back to April 6, 2011 does not mean that Plaintiff had reason to know he was receiving unfair representation on that date.  Nothing in the pleadings suggests Plaintiff should have known on the very day of his suspension that Defendant may have acted illegally in concert with GE.  Instead, the date on which Defendant informed Plaintiff that it would not pursue his grievance against GE appears to be the natural point of his claim's accrual, as this information likely gave Plaintiff notice of the conduct of which he complains.  But the Court need not decide when Plaintiff's claim actually accrued, as Defendant's failure to establish April 6, 2011 as the date of accrual is sufficient basis for denying its motion.

      Finally, Defendant suggests the Complaint should be dismissed for making only vague

and conclusory allegations. Although the Complaint does not plead all of the facts raised in Plaintiff's brief opposing the instant motion, Defendant's argument fails to establish grounds for dismissal.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's motion to dismiss is DENIED.

cc: Counsel of Record